IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

WILMINGTON SAVINGS FUND SOCIETY,
FSB, ETC.,

      Appellant,

 v.                                                                          Case No.  5D15-369

JUAN RAMON ALDAPE, ET AL.,

      Appellees.

_____/

Opinion filed May 27, 2016

Appeal from the Circuit Court
for Orange County,
John H. Adams, Senior Judge.

Ezra Scrivanich, of Scrivanich Hayes,
Plantation, for Appellant.

Adam H. Sudbury, of Apellie Legal,
Orlando, for Appellees.


PER CURIAM.

Wilmington Savings Fund Society, FSB ("Wilmington"), appeals the trial court's

order granting an involuntary dismissal of the foreclosure case against Juan and Sandra

Aldape ("Appellees").  SunTrust Mortgage, Inc. ("SunTrust"), the previous servicer of the

mortgage, filed its mortgage foreclosure complaint on November 8, 2012.  On November

20, 2014, Wilmington filed its notice of intent to offer evidence by means of certification

or declaration. On December 18, 2014, Wilmington filed a Certificate of Authenticity of Business Records, in which a credit risk manager at SunTrust declared that: 1) he was familiar with the business records related to the mortgage; 2) he was the custodian of the records; 3) the records were made at or near the time of the occurrence of the matters contained within by a person with knowledge of the matters; 4) the records were kept in the course of a regularly conducted business activity; and 5) the records were made by the business as part of its regular practice. Wilmington attached several other documents to the certificate, including the mortgage, the loan servicing notes, the demand letter, and the payment history.

At trial on January 8, 2015, Wilmington offered the certificate and attached documents into evidence. Appellees objected, arguing that they had not gotten the opportunity to object to the admissibility of the certificate prior to trial or to depose the SunTrust employee. Appellees additionally argued that their counsel was on vacation at the time Wilmington filed the certificate and thus unable to conduct a deposition. The trial court sustained the objection, explaining that the certificate was untimely filed.

The attachments to the certificate in the instant case were records of regularly conducted business activity and therefore admissible under the hearsay exception of section 90.803(6), Florida Statutes (2014). Section 90.902(11), Florida Statutes (2014), allows for self-authentication of business records by means of a "certification or declaration from the custodian of the records." The business records statute defines the proper method for offering self-authenticated documents into evidence:

> (c) A party intending to offer evidence under paragraph (a) by means of a certification or declaration shall serve reasonable written notice of that intention upon every other party and shall

> make the evidence available for inspection sufficiently in advance of its offer in evidence to provide to any other party a fair opportunity to challenge the admissibility of the evidence . . . . A motion opposing the admissibility of such evidence must be made by the opposing party and determined by the court before trial. A party's failure to file such a motion before trial constitutes a waiver of objection to the evidence, but the court for good cause shown may grant relief from the waiver.

§ 90.803(6)(c), Fla. Stat. (2014).

Based on the language of the statute, the trial court abused its discretion when it found that the certificate was untimely filed. Wilmington served "reasonable written notice" under the statute when it filed its notice of intent to offer evidence by means of certification or declaration on November 20, 2014. Wilmington subsequently filed the certificate on December 18, 2014, approximately three weeks prior to the date of the trial. Though Appellees argued that their attorney was on vacation at the time the certificate was filed, Appellees had ample time to conduct a deposition or file a motion prior to trial objecting to the filing of the certificate. Appellees chose to do neither. Under the statute, the trial court should have found that Appellees waived any objection to the admissibility of the certificate. At that point, Appellees would have had the opportunity to argue for relief from the waiver by demonstrating good cause.

Because the trial court abused its discretion in ruling that the certificate was inadmissible, we reverse the trial court's order of involuntary dismissal and remand the case for further proceedings.

REVERSED and REMANDED.

LAWSON, C.J., SAWAYA and BERGER, JJ., concur.

3